**Memish LIMANI, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,
Respondent.**

No. 03–40594–ag.

United States Court of Appeals,
Second Circuit.

Oct. 15, 2007.

Theodore N. Cox, New York, NY, for
Petitioner.

Rosa Emilia Rodríguez–Vélez, United
States Attorney, Nelson Pérez–Sosa, As-
sistant United States Attorney, Chief, Ap-
pellate Division, United States Attorney's
Office, San Juan, PR, for Respondent.

PRESENT: Hon. JON O. NEWMAN,
Hon. B.D. PARKER, and Hon. REENA
RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Memish Limani, a citizen of
the Republic of Macedonia, seeks review of

a September 15, 2003 order of the BIA denying his motion to reopen his deportation proceedings. *In re Memish Limani*, No. A26 830 381 (B.I.A. Sept. 15, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (*per curiam*); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

A motion to reopen must be filed within 90 days after the date on which a final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(2). Here, it is clear that Limani did not file a motion to reopen within 90 days of the BIA's final decision, as he did not file the motion until ten years later. However, the time limit does not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). We find no error in the BIA's conclusion that Limani failed to meet his burden of proof in establishing changed country conditions. 8 C.F.R. § 1003.2(c)(3)(ii).

Both parties urge us to remand this case, arguing that the BIA abused its discretion by taking notice of facts contained in a State Department Country Report without giving Limani an opportunity to respond. We find this argument unavailing.

The BIA, like this Court, may "exercise independent discretion" and take administrative notice of "commonly known facts," 8 C.F.R. § 1003.1(d)(2)(iv), when those facts are not "subject to reasonable dispute" and are "'easily verifi[able].'" *Chhetry v. U.S. Dep't of Justice*, 490 F.3d 196, 199–200 (2d Cir.2007) (internal citations omitted). This Court has accorded State Department Country Reports "'considerable deference .... in the absence of contradictory evidence.'" *Hoxhallari v. Gonzales*, 468 F.3d 179, 186 (2d Cir.2006) (quoting *In re T–M–B*, 21 I. & N. Dec. 775, 779 (BIA 1997)), and the BIA may do likewise.

However, even when the BIA properly takes administrative notice of commonly known facts, due process requires that an applicant "'must be given notice of, and an effective chance to respond to, potentially dispositive, administratively noticed facts,'" that took place after an applicant has filed a motion. *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir.2007) (quoting *Chhetry*, 490 F.3d at 200). Here, although the BIA took administrative notice of a State Department Country Report, issued in March 2003, that was not part of the record, in so doing, the BIA did not take notice of any developments that had occurred after Limani had filed his January 2003 motion. Rather, the BIA simply exercised its authority to take note of the most recent country report relevant to the applicant's country. *See Yang v. McElroy*, 277 F.3d 158, 163 n. 4 (2d Cir.2002) ("It is

well-settled that the BIA has the authority to take administrative notice of current events bearing on an applicant's well-founded fear of persecution.").

In any event, the facts noticed by the BIA were not dispositive of Limani's motion. *Cf. Burger,* 498 F.3d at 134. Rather, the BIA found that Limani had failed to demonstrate any changed country conditions sufficient to merit reopening his proceedings. As the BIA noted, although Limani's affidavit referred to changed country conditions, he did not explain how circumstances have changed in Macedonia in the ten years since his last motion, much less how such changes would affect him. In the absence of such evidence, we cannot conclude that the BIA abused its discretion in holding that Limani failed to meet his burden of demonstrating materially "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii).

To the extent the BIA may have improperly rejected some of Limani's evidence due to lack of authentication, we can confidently conclude that remand would be futile on that basis, *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 404–05 (2d Cir. 2005), because evidence did not identify changed conditions and, as the BIA properly noted, the continuation of the alleged circumstances was contradicted by the State Department Country Report. *See, e.g., Xiao Ji Chen v. U.S. Dept. of Justice,* 471 F.3d 315, 336 n. 17 (2d Cir.2006).

The BIA also properly dismissed Limani's motion to the extent he sought reopening for the purpose of applying for CAT relief. As the BIA noted, the regulations allowed aliens whose orders of removal became final prior to March 22, 1999, to file a motion seeking reopening of their proceedings for the purpose of applying for CAT relief, 8 C.F.R. § 1208.18(b); however, such motions must have been filed by June 21, 1999. *Id.* While Limani's order of removal became final in 1993, he did not file his motion to reopen until 2003; therefore, the BIA properly denied his motion as untimely. To the extent that Limani argues that United States treaty obligations require the consideration of his application for CAT relief, he did not raise this argument before the BIA; thus, that issue is unexhausted and we decline to review it. *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 528 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).